IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DONALD RAY RICHARDSON,              )
                                    )
               Plaintiff,           )
                                    )
     v.                             )
                                    )
N.C. STATE BUREAU OF                )
INVESTIGATION, SBI DIRECTOR         )
ROBERT SHURMEIER IN HIS             )
OFFICIAL AND PERSONAL               )
CAPACITY, FORMER SBI DEPUTY         )
DIRECTOR GREGORY TART IN HIS        )
OFFICIAL AND PERSONAL               )      1:20cv141
CAPACITY, ASSISTANT DIRECTOR        )
KANAWHA PERRY IN HIS OFFICIAL       )
AND PERSONAL CAPACITY, SBI          )
AGENT DANNIE SCOTT FAIRCLOTH IN     )
HIS OFFICIAL AND PERSONAL           )
CAPACITY, CITY OF DURHAM,           )
OFFICER JESUS SANDOVAL IN HIS       )
OFFICIAL AND PERSONAL               )
CAPACITY, and SAMANTHA ALEX         )
BUCK,                               )
                                    )
               Defendants.          )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Upon removal from state court, this case came before this court on the motions to dismiss of Defendants Jesus Sandoval and City of Durham. (Docs. 7, 11.) After reviewing those motions, the court directed the parties to brief whether subject matter jurisdiction exists. (Doc. 28.) Plaintiff Donald Richardson filed a brief arguing the lack of such jurisdiction and urging remand. (Doc. 32.) Defendants City of Durham and Sandoval filed a brief

supporting a finding of subject matter jurisdiction. (Doc. 31.) For the reasons set forth below, the court finds that it lacks subject matter jurisdiction and that remand to state court is required.

I.  BACKGROUND

Richardson brings claims against three groups: N.C. State Bureau of Investigation ("SBI"), Robert Shurmeier, Gregory Tart, Kanawha Perry, and Dannie Scott Faircloth ("SBI Defendants"); City of Durham and Jesus Sandoval ("Durham Defendants"), and Samantha Alex Buck. (Doc. 2 ¶¶ 2-8.) According to the complaint, Richardson, worked as an agent for the North Carolina Alcohol Law Enforcement ("ALE") branch of the SBI. (Id. ¶ 23.) Buck falsely accused him of rape after he and other ALE officers spoke with Buck and searched her car in a gas station parking lot in January 2017. (Id. ¶¶ 27-51.)

Sandoval was a Durham Police Department ("DPD") Officer assigned to investigate Buck's claims against Richardson and the other ALE officers. (Id. ¶¶ 50-51.) DPD and SBI initiated a joint criminal investigation into Plaintiff's actions. (Id. ¶ 55.) Pursuant to this investigation, Sandoval authored a search warrant and in the application for it, falsely stated that security camera footage from the gas station supported Buck's claims. (Id. ¶ 59.) Surveillance footage from the gas station clearly demonstrated otherwise. (Id. ¶¶ 43, 61.) Nevertheless, because Sandoval

2

falsely misrepresented the contents of the video, a North Carolina superior court judge issued the warrant (id. ¶ 59), which Richardson claims was vague and overly broad (id. ¶ 73). SBI Defendant Faircloth executed the warrant on Richardson at SBI Headquarters. (Id. ¶ 60.) Richardson also claims that, subject to the vague search warrant, his DNA and fingerprints were collected, his state-owned work vehicle was searched, and his personal property, including his personal phone, was seized. (Id. ¶¶ 65, 73, 76, 81-85, 89.)

After the search, SBI initiated an internal investigation of Richardson's conduct. (Id. ¶ 62.) Richardson alleges that all of the officers who investigated him had viewed the security camera footage that exonerated him, yet the officers intentionally continued their investigation. (Id. ¶¶ 57, 69.) In conducting the SBI internal investigation, Richardson claims, Defendants did not follow ALE policy. (Id. ¶¶ 101-11.) The internal investigation ultimately concluded that Richardson had improperly refused to turn over his cell phone pursuant to the search warrant and that he had failed to document the seizure of evidence during the search of Buck's vehicle. (Id. ¶ 116.) As a result, Richardson received a 10-day unpaid suspension, was required to partake in search and seizure training, and was prohibited from working in Durham County. (Id. ¶¶ 130, 146).

On January 9, 2020, Richardson filed the instant complaint in

3

Durham County Superior Court.  (Doc. 1 ¶ 5; Doc. 2.)  On February 13, the City of Durham timely removed the case to this court.[1]  (Doc. 1.)  The City argued that Richardson had alleged that Defendants had violated his federal constitutional rights sufficient to establish federal arising under jurisdiction.  (Id. ¶¶ 10-13, 17-18.)  The City and Sandoval filed separate motions to dismiss (Docs. 7, 11.)  Richardson filed a consolidated response brief (Doc. 22), and Sandoval filed a reply (Doc. 23).  On June 30, this court directed the parties to file briefs addressing the issue of whether this court has subject matter jurisdiction over the case.  (Doc. 28.)  While this issue was being briefed, SBI Defendants filed a motion to dismiss.  (Doc. 29.)

## II. ANALYSIS

Defendants bear the burden of demonstrating that subject matter exists, as they removed this action from state court.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence.").

A defendant may remove a case from state court only if "the district courts of the United States have original jurisdiction" over the case.  28 U.S.C. § 1441(a).  A federal court will have subject matter jurisdiction in a removed action if: (1) there is

---

[1] Removal was timely because the City of Durham was served with the complaint on January 14.  (Doc. 2 ¶ 19.)

diversity jurisdiction, see 28 U.S.C. § 1332; (2) the face of the "well-pleaded" complaint raises a federal question, see 28 U.S.C. §§ 1331, 1338; or (3) the state law claims are completely preempted by federal law.  Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).  If none of these is present, remand is proper.  "Because the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* . . . the court may enter a remand order *sua sponte*."  Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal citations omitted).

Defendants do not argue, nor is it the case, that diversity jurisdiction is present here.  Thus, the court may exercise jurisdiction only if the face of Richardson's complaint raises a federal question, or if his state law claims are completely preempted by federal law.

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he . . . may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).[2]  The most direct and clear example of a case arising

---

[2] The "artful pleading" exception allows removal of a case when "federal law completely preempts a plaintiff's state-law claim" despite the fact that "no federal question appears on the face of the plaintiff's complaint."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (emphasis added).  Although Defendants invoke Rivet here, federal law

5

under federal law occurs "when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013). As the City noted, Richardson's complaint seeks claims for relief arising under state law. (Doc. 1 ¶ 16.)[3]

Defendants argue that Richardson's complaint falls under the "special and small category" of cases in which federal question jurisdiction may still exist even when claims find their origins in state law. Gunn, 568 U.S. at 258 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). In this narrow category of cases, "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. A failure to satisfy any of these four elements requires remand. Burrell v. Bayer Corp., 918 F.3d 372, 386 (4th Cir. 2019).

Defendants argue that Richardson's complaint meets the first element because Richardson alleges that Defendants violated his federal constitutional rights. To be sure, Richardson does claim

---

does not completely preempt Richardson's state claims, so the artful pleading exception does not apply.

[3] Specifically, Richardson brings claims for civil conspiracy (Doc. 2 ¶¶ 149-60); malicious prosecution (Id. ¶¶ 161-73); punitive damages (Id. ¶¶ 174-80.); violations of N.C. Const. Art. I § 1 (Id. ¶¶ 181-86); violations of N.C. Const. Art. I § 19 (Id. ¶¶ 187-200.); and defamation (Id. ¶¶ 201-20).

6

that Defendants violated his rights under the Fourth and Fourteenth Amendments.  (Doc. 2 ¶¶ 21, 153.)  Defendants further argue that the second element is satisfied because they dispute Richardson's constitutional rights were actually violated.

Assuming Defendants satisfy these first two elements, they have not satisfied the third.  The Supreme Court has stated that the "substantial" element refers to "the importance of the issue to the federal system as a whole."  Gunn, 568 U.S. at 260.  A substantial question "generally will involve a pure issue of law, rather than being fact bound and situation-specific because the crux of what makes a question substantial . . . is that it is importan[t] to the federal system as a whole and not just to the particular parties in the immediate suit."  Burrell, 918 F.3d at 385. (alteration in original) (internal citations and quotation marks omitted).  This element is a "high bar" for Defendants to meet.  Id.  Defendants argue that the federal right at issue here -- the right to be free from unreasonable search and seizure – qualifies in this case.  It does not.

Although the Fourth Amendment right to be free from unreasonable searches and seizures is indeed significant, it is not fundamentally important to the federal system as a whole.  The Supreme Court has found that a quintessential "substantial" issue concerns the "constitutionality or construction of a federal statute."  Id.  Resolution of the federal question here does not

7

address a federal statute, nor have Defendants shown how resolution of the federal issue here "would be controlling in numerous other cases." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700 (2006). Other district courts addressing similar arguments have found that when a plaintiff brings state law tort claims that encompass violations of federal constitutional rights, a substantial federal question is not invoked. Rather, such claims are the types of fact-bound and situation-specific issues that the Supreme Court has found insufficient to establish federal "arising under" jurisdiction. See, e.g., Torres v. City of Trenton, Civil Action No. 19-18368 (MAS) (ZNQ), 2020 WL 2767316, at *2 (D.N.J. May 27, 2020); Fitzgerald v. New Mexico, No. 17-CV-00365-MCA-LF, 2018 WL 671183, at *3-4 (D.N.M. Jan. 31, 2018).

Defendants also note that a companion case, arising out of the same set of facts, is before this court. The plaintiff in that case, Jack Cates, was one of the other ALE officers who, along with Richardson, interacted with Buck that night. Cates brings claims arising out of an illegal search and seizure by Defendant Sandoval. Defendants argue that a remand of Richardson's case here would "jeopardize the uniformity of decisions." (Doc. 31 at 10.) However, a critical fact distinguishes Cates's case from Richardson's: Cates has brought a claim under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. (1:20cv00200, Doc. 3 ¶¶ 25-29.) Cates's

8

complaint presents a federal question on its face such that the court may exercise jurisdiction. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) ("[The] provision for federal-question jurisdiction is invoked by and large by plaintiff[] pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983)."). Richardson, on the other hand, has not alleged any federal causes of action; such is his right as the master of his claims. He confirms that in his briefing to this court. Defendants' argument that a remand here would create disparate results is therefore unpersuasive, as "even a strong interest in uniformity of results is not enough to make a federal question 'substantial' so that it may be heard in federal courts." Burrell, 918 F.3d at 386. State courts are fully capable of deciding federal issues that accompany state claims. Id.; see also Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 816 (1986) ("Petitioner's concern about the uniformity of interpretation, moreover, is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of actions, [the Supreme Court] retains power to review the decision of a federal issue in a state cause of action.").

Thus, Defendants have failed to show that any federal issue underlying Richardson's state claims is so substantial as to establish federal subject matter jurisdiction. This renders consideration of the remaining final factor unnecessary. Burrell,

918 F.3d at 386.

**III. CONCLUSION**

For the reasons stated, the court finds subject matter jurisdiction wanting.

IT IS THEREFORE ORDERED that this action is REMANDED to the General Court of Justice, Superior Court Division, of Durham County, North Carolina, for further proceedings. Defendants' various motions to dismiss (Docs. 7, 11, 29) are DENIED as moot.

The Clerk of Court is directed to close this case.

/s/   Thomas D. Schroeder
United States District Judge

July 30, 2020